**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYRON A. MARADIAGA, a.k.a. Byron Aguilar Maradiaga, a.k.a. Byron Augusto Maradiaga,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 12-73299<br><br>Agency No. A029-332-387<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:　　FISHER, GOULD, and BYBEE, Circuit Judges.

　　Byron A. Maradiaga, a native and citizen of Nicaragua, petitions for review

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, including constitutional claims. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921-22 (9th Cir. 2007). We deny the petition for review.

The record does not support Maradiaga's claim that the IJ violated his due process rights by exhibiting bias, because the proceedings were not so fundamentally unfair that he was prevented from reasonably presenting his case, and because he failed to demonstrate prejudice. *See id.* at 926 (requiring a petitioner alleging IJ bias to show that the IJ harbored a "deep-seated favoritism or antagonism that would make fair judgment impossible"); *see also id.* (requiring prejudice to prevail on a due process claim). Because "the factual record adequately supports the denial of [Maradiaga's] application for relief, we cannot find that the alleged bias held by the IJ was the basis for the denial of the application." *Id.*

Although two of Maradiaga's merits hearings were interrupted and rescheduled due to technical difficulties, the record shows that Maradiaga and his three witnesses were given a full opportunity to testify. *See id.* at 926-27 ("Where an alien is given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."). The record

belies Maradiaga's contention that he was prejudiced because the IJ utilized written summaries of the case submitted by the parties due to the technical difficulties.

**PETITION FOR REVIEW DENIED.**